UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH WAYNE LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Civil Action No. 21-17792 (RBK) (AMD)<br><br><br>**OPINION** |

KUGLER, United States District Judge:

Plaintiff, Kenneth Wayne Lewis, is presently confined at FCI Fort Dix, in Fort Dix, New Jersey. He seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

**I.    Incomplete Application to Proceed *in Forma Pauperis***

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an administrative fee of $52, for a total of $402. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible

for the $52 administrative fee.  If *in forma pauperis* status is denied, the prisoner must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

In this action, Plaintiff has submitted an application to proceed *in forma pauperis* but has failed to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his Complaint.  28 U.S.C. § 1915(a)(2).  Typically, at this time, the Court would give Plaintiff an opportunity to submit a complete application to proceed *in forma pauperis*.  For the reasons that follow, however, the Court will not give Plaintiff the opportunity to submit another application to proceed *in forma pauperis* in this case.

**II.     Three Strikes Analysis**

The Prison Litigation Reform Act prohibits a prisoner from bringing a civil action *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, under the statute, if a prisoner has three or more dismissals under 28 U.S.C. § 1915(e), he cannot proceed unless he is in imminent dangers of serious physical injury at the time he files the complaint. *See Goodson v. Kardashian*, 413 F. App'x 417, 419 n.2 (3d Cir. 2011) (per curiam) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)).

Recently, the Supreme Court has clarified that "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) ("A strike-call under Section 1915(g) thus hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect.").

With those principles in mind, Plaintiff has filed, and courts have dismissed, at least five earlier actions as frivolous or for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B):

1. *Lewis v. Ruymann*, No. 20-18548, 2021 WL 3207737, at *1 (D.N.J. July 29, 2021) (dismissing the complaint with prejudice).

2. *Lewis v. Zoll Med. Corp.*, No. 19-19231, 2020 WL 2190435, at *3 (D.N.J. May 6, 2020) (dismissing Plaintiff's Privacy Act claims with prejudice and dismissing the remainder of the complaint for failure to comply with Rule 8 *and* for failure to state a claim).

3. *Lewis v. New Jersey*, No. 19-20490, 2020 WL 1673032, at *4 (D.N.J. Apr. 6, 2020) (dismissing with prejudice Plaintiff's Privacy Act claims and all claims against the State of New Jersey and dismissing without prejudice the remainder of the complaint for failure to comply with Rule 8 *and* for failure to state a claim).

4. *Lewis v. United States Dep't of Just.*, No. 19-10821, 2019 WL 2601489, at *1 (D. Mass. June 25, 2019) (dismissing the complaint with prejudice).

5. *Lewis v. Bureau of Prisons*, No. 17-5475, 2018 WL 6046721, at *6 (D.N.J. Nov. 19, 2018) (dismissing the complaint with prejudice).

Accordingly, Plaintiff is a litigant with at least three strikes under § 1915(g). Thus, § 1915(g) precludes him from proceeding *in forma pauperis* in this case unless he alleges facts to show that he is in imminent danger of serious physical injury.

Applying that standard here, the Complaint does not allege that Plaintiff is in imminent danger of serious physical injury. Instead, the Complaint once again raises Plaintiff's grievances regarding his records and other documents, for which he seeks upwards of 200 trillion euros in damages. Consequently, because the Complaint does not suggest that Plaintiff is in imminent danger of serious physical injury, he is not excused from the § 1915(g) restrictions.

### III.   Conclusion

For all of those reasons, the Court will not permit Plaintiff to proceed *in forma pauperis* and will administratively terminate the case. Plaintiff shall have an opportunity reopen this action by paying the $402.00 filing fee within thirty days.


Dated: September 30th, 2021                    /s Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge